# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2022

Lyle W. Cayce
Clerk

No. 21-50835
CONSOLIDATED WITH
No. 21-50847
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RENE SANCHEZ-QUINTERO,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-390-1
USDC No. 4:21-CR-215-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

In this consolidated appeal, Rene Sanchez-Quintero challenges his conviction and sentence for illegal reentry after removal under 8 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50835
c/w No. 21-50847

§ 1326(a) and (b)(2), and a separate judgment revoking the term of supervised release imposed in an earlier case. Because his appellate brief does not address the validity of the revocation or the revocation sentence, Sanchez-Quintero has abandoned any challenge to the revocation judgment. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

With respect to his illegal reentry conviction and sentence, Sanchez-Quintero argues for the first time that § 1326(b) is unconstitutional because it permits a defendant to be sentenced above the statutory maximum under § 1326(a) based on the fact of a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt. He has filed an unopposed motion for summary disposition and a letter brief explaining that he raises the issue only to preserve it for further review and conceding correctly that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Sanchez-Quintero's motion is GRANTED, and the district court's judgment is AFFIRMED.